# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MERCEDES THOMAS,** | ) |
| Plaintiff, | ) Case: 1:22-cv-07019 |
| v. | ) |
| **REM, INC,** | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

**NOW COMES** MERCEDES THOMAS ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of REM, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") for Defendant's sex based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Notification of the Right to Sue was received from EEOC on or about November 22, 2022. (Attached hereto as Exhibit "B").

7. This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and for Cook County, whose address is 7239 W. Roosevelt Road, Forest Park, IL 60130.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. On or around February 4, 2020, Plaintiff began working for Defendant.

13. On or around June 29, 2022, Plaintiff was assigned to a shipping warehouse to work as a Delivery Truck Assistant.

14. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16. One June 29, 2022, Plaintiff was to begin her assignment as a Delivery Truck Assistant.

17. Upon arriving at the job site, Plaintiff was met by the hiring manager, "Pete."

18. After seeing Plaintiff was a female, Pete immediately began making discriminatory comments, including, but not limited to:

- "This job isn't for women…"
- "I don't want to waste your time or my time…."
- "This job requires you to lift up to 40 pounds…."
- "This job isn't for females."

19. Plaintiff was taken aback, and immediately informed Pete that she had experience in the delivery field and routinely lifted up to 75 pounds.

20. After listening to Plaintiff's complaints about his discriminatory behavior, and ignoring Plaintiff's prior work experience and plea to just do her job, Pete sent Plaintiff home and would not allow Plaintiff to return to her assignment.

21. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination.

22. Plaintiff is able to show that she participated in protected activity under Title VII and that Defendant retaliated against her for doing so.

23. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

24. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the discrimination.

**COUNT I**
**Sex Discrimination in Violation of Title VII of**
**The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

25. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their Sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

27. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

28. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

29. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

**COUNT II**
**Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.***

30. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

31. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, et seq.

32. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

33. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

34. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

35. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

36. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

37. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

# RELIEF REQUESTED

**WHEREFORE**, Plaint requests judgement against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Honorable Court may deem just and equitable.

Dated: December 14, 2022                                                Respectfully Submitted,

                                                                                 */s/ Alexander J. Taylor*
                                                                                 Alexander J. Taylor, Esq.
                                                                                 Sulaiman Law Group, Ltd
                                                                                 2500 S Highland Ave, Suite 200
                                                                                 Lombard, IL 60148
                                                                                 Telephone: (630) 575-8181
                                                                                 ataylor@sulaimanlaw.com
                                                                                 *Counsel for Plaintiff*